NOT FOR PUBLICATION                                                              CLOSED

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CESAR ESCURRA, | |
| Plaintiff, | Civil Case No. 14-4898 (FSH) |
| v. | **OPINION & ORDER** |
| TRANSPORTATION SECURITY ADMINISTRATION, | Date: December 23, 2014 |
| Defendant. | |

**HOCHBERG, District Judge:**

This matter comes before the Court upon Defendant Transportation Security Administration's ("TSA" or "Defendant") motion to dismiss Plaintiff Cesar Escurra's ("Escurra" or "Plaintiff") complaint for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Dkt. No. 6.) The Court has reviewed the submissions of the parties and considers the motion pursuant to Federal Rule of Civil Procedure 78; and

it appearing that a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1), challenges the existence of a federal court's subject matter jurisdiction and may "attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings," *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977), and, when considering a factual challenge to the Court's jurisdiction under Rule 12(b)(1), the Court is "not confined to the allegations in the complaint . . . and can look beyond the pleadings to decide factual matters relating to jurisdiction," *Cestonaro v. U.S.*, 211 F.3d 749, 752 (3d Cir. 2000) (citing *Mortensen*, 549 F.2d at 891); and

it appearing that when subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff bears the burden of persuasion, *see McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S 178, 189 (1936); and

it appearing that Escurra's claim arises from a loss of property he sustained when employees of the TSA allegedly failed to return his laptop after a routine search of his belongings at Newark Liberty International Airport, (Compl. at 1, Dkt. No. 1 at 6); and

it appearing that Escurra's exclusive right of action for such a loss rests under the Federal Tort Claims Act ("FTCA"), which waives sovereign immunity and holds the United States liable for "loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," 28 U.S.C. §§ 1346(b)(1), 2679(b)(1); *Santos v. United States*, 559 F.3d 189, 193 (3d Cir. 2009); and

it appearing that Escurra may not bring such suit against the United States "unless [Plaintiff] shall have first presented [his] claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing" or the agency failed "to make final disposition of a claim within six months after it [was] filed," 28 U.S.C. § 2675(a); *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003); and

it appearing that Defendant presents, in support of its motion, the declaration of Robert Grimes, Branch Chief of the Claims Management Branch of the TSA, who avers that Escurra filed an administrative claim for damage with the TSA on February 19, 2014 (Dkt. No. 6-2 ¶ 3, Ex. A at 1), and that no decision had been rendered on Escurra's administrative claim as of August 27, 2014,[1] (Dkt. No. 6-2 ¶ 4); and

---

[1] Escurra's claim is not rescued by the apparent fact that on August 19, 2014, six months had elapsed from the date Escurra filed his claim with the TSA and the TSA had not made a final disposition of his claim. Although such silence is "deemed a final denial of the claim" under the FTCA and would have granted the Court jurisdiction had Escurra then filed suit, this fact does not newly bestow jurisdiction on

2

it appearing that Escurra filed suit in court on July 9, 2014, which is fewer than six months after February 19, 2014; and

it appearing that Escurra has made no challenge to the facts averred by Grimes[2]; and

it appearing that the Court, therefore, lacks jurisdiction over Plaintiff's claim, *see Treasurer of N.J. v. U.S. Dep't of Treasury*, 684 F.3d 382, 395–96 (3d Cir. 2012) (noting that federal subject matter jurisdiction does not exist over a party's claims against the United States or a federal agency if the conditions under which the United States has agreed to waive sovereign immunity have not been met); and accordingly,

**IT IS** on this 23rd day of December, 2014,

**ORDERED** that Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

**IT IS SO ORDERED.**

 **/s/ Hon. Faith S. Hochberg**
 **Hon. Faith S. Hochberg, U.S.D.J.**

---

Escurra's prematurely filed claim. *McNeil v. U.S.*, 508 U.S. 106, 111–13 (1993). "[I]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Id.* at 113.

[2]    Escurra's one argument in opposition to Defendant's motion is that dismissing his case will violate his Fifth Amendment right to due process, which requires the government "to follow rules and established procedures." (Dkt. No. 8.) This argument, however, does not counterbalance the facts proffered by Defendant establishing the Court's lack of jurisdiction. Indeed, the "rules and established procedures" by which Escurra may seek compensation for his lost property are set forth in the FTCA, and it is in following the procedures established by the FTCA that the Court reaches its decision here.